**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**EARL D. AMBROSE, JR.,**

Plaintiff,

v.  **CIVIL ACTION NO. 3:12-CV-79
(JUDGE GROH)**

**JOHN SHEELEY, Administrator, Eastern
Regional Jail; JONATHAN DUGAN,
Correction Officer; and LAWRENCE
WOLFE, Correction Officer,**

Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Local Rule of Civil Procedure 72.01(d)(2), this action was referred to Judge Seibert for submission of a proposed report and recommendation ("R & R"). Judge Seibert filed his R & R [Doc.45] on April 10, 2013. In that filing, he recommends that this Court deny Defendants' Motion to Dismiss [Doc. 28], in part, as to Defendants Dugan and Wolfe, and grant as to Defendant Sheeley, thereby dismissing him from the action.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the parties' right to appeal this Court's Order. **28 U.S.C. § 636(b)(1)**; ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within fourteen (14) days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that Plaintiff accepted service on April 15, 2013. Plaintiff filed his objections on April 17, 2013. Defendants filed their objections on April 28, 2013 along with a Memorandum regarding West Virginia Code Section 55-17-3(a)'s applicability to cases filed in federal court.[1] Accordingly, this Court will undertake a *de novo* review of those portions of Judge Seibert's findings to which objection is made. The Court will review the remainder of the R & R for clear error.

## I. Background

### A. Factual Allegations

Plaintiff alleges that on July 21, 2012 at the Eastern Regional jail, defendant Correction Officers ("C.O.s"), Jonathan Dugan and Lawrence Wolfe, used excessive force against him. Plaintiff states that he was attacked by C.O. Dugan and C.O. Wolfe, without provocation, after an apparent verbal disagreement over Plaintiff getting water to take his medicine. Plaintiff alleges he was waiting in his pod for the "new nurse," accompanied by

---

[1]Defendants' Memorandum [Doc. 49] concedes that W. VA. Code § 55-17-3(a) is inapplicable to this case.

C.O. Dugan, to give him his medication. The nurse instructed him to get water to take his pills. Plaintiff advised her that he could not get his cup because it was in his cell, where his roommate was using the toilet. Plaintiff alleges that C.O. Dugan told him "she said get some F'ing water." Plaintiff verbally protested C.O. Dugan's cursing at him "like a dog," but went to the water fountain as directed, got a drink, and swallowed the pills.

When Plaintiff began walking away from the water fountain, C.O. Dugan asked him what "f__kng cell I was in to go lock down." Plaintiff alleges that C.O. Dugan then ran up behind him and grabbed him in a headlock, pulling on his head. Plaintiff clutched onto a nearby stairway handrail, but Plaintiff let go of the handrail when C.O. Dugan pulled repeatedly and forcefully on his head. After Plaintiff let go of the handrail, C.O. Dugan slammed him to the floor, jumped on his neck "with all his weight," and tried to bang his head on the floor.

Plaintiff alleges that while C.O. Dugan had him pinned, C.O. Wolfe jumped on Plaintiff's left shoulder. Plaintiff asserts that the C.O.s cuffed him behind his back and pulled his wrists behind his back so forcefully that he thought it would break. Plaintiff states C.O. Dugan and C.O. Wolfe repeatedly cursed at him. He also states that two inmates, Steve Farley and Mark King, witnessed the event. Plaintiff alleges that as the two C.O.s were escorting him away, C.O. Dugan deliberately rammed his head into a partially-closed gate and against the bars of the intake cell window, despite Plaintiff telling him "there was no use to do it because I was not resisting him." Plaintiff asserts he was placed in "the hole" for ten days after the incident where he did not receive any medical treatment, except for a hot pack, given by a nurse that evening while "in the hole." Additionally, he never

3

received a disciplinary write-up for the incident.

**B. Procedural History**

On August 20, 2012, the *pro se* plaintiff, a prisoner formerly incarcerated at the Eastern Regional Jail in Martinsburg, West Virginia, initiated this case by filing a civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983. On August 28, 2012, the Court granted permission to Plaintiff to proceed as a pauper. On October 18, 2012, Plaintiff sent his initial partial filing fee to the Court.[2]

On December 11, 2012, Judge Seibert conducted a preliminary review of the Complaint and determined that summary dismissal was not warranted. Therefore, Judge Seibert directed Defendants to answer the Complaint. On December 26, 2012, Defendants filed a motion to dismiss. On January 4, 2013, before the Court could issue a *Roseboro* notice, Plaintiff filed a response to Defendants' motion to dismiss. On January 8, 2013, Judge Seibert directed Defendants to file a supplemental response. On January 29, 2013, Defendants filed answers to the Complaint. On February 4, 2013, Plaintiff was directed to file a reply. On February 19, 2013, Plaintiff filed his reply. On April 10, 2013, upon review of the aforementioned pleadings and documentation, Judge Seibert rendered his R & R.

---

[2]As noted by Judge Seibert, Plaintiff's initial partial filing fee has not been received by the Court. The *pro se* law clerk verified that the $6.50 fee had been deducted from Plaintiff's inmate trust account and a check for that amount was mailed to the Court on October 18, 2012. Although the amount has not been received by the Court, the case is proceeding as if the IPFF had been received.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." **Republican Party of N.C. v. Martin**, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro,** 178 F.3d 231, 243-44 (4th Cir. 1999).

But, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (emphasis added). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." **Ashcroft v. Iqbal**, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

However, the Supreme Court has repeatedly held that in the context of a motion to dismiss, a district court must construe a *pro se* complaint liberally. Such a complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." **Erickson v. Pardus**, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007)

(internal quotations omitted). Dismissal of a *pro se* complaint for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears "*beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." **Haines v. Kerner**, 404 U.S. 591, 521, 92 S. Ct. 594 (1972) (internal quotations omitted) (emphasis added).

### III. Discussion

#### A. Defendants' Objection

Defendants filed one objection to the R & R, Defendants argue that their motion to dismiss should have been granted in its entirety because Plaintiff failed to limit his relief requested against Defendants under and up to the limits of available insurance coverage.

In his R & R, Judge Seibert found that the Defendants' argument lacked merit. Judge Seibert reasoned that Plaintiff did not allege a specific amount for damages that could be construed as exceeding the limit of the State's liability coverage. Rather, Plaintiff merely asked to be "fairly compensated."

In pursuing a 42 U.S.C. § 1983 action, the Supreme Court held that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 65, 109 S. Ct. 2304 (1989) (citations omitted). An officer of a State acting in his or her official capacity is entitled to sovereign immunity from claims for money damages. *Id.* at 70. The Supreme Court explained that "a suit against a state official in his or her official capacity

6

is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." *Id.* at 71. (citations omitted).

However, state officials acting in their personal capacities under color of state law are not afforded sovereign immunity from suit.  ***Hafer v. Melo***, 502 U.S. 21, 112 S. Ct. 358 (1991).  In determining whether a state official is sued in his or her individual capacity, the Court will generally look to "the face of the complaint."  ***Amos v. Md. Dep't of Pub. Safety & Corr. Servs.***, 126 F.3d 589, 609 (4th Cir. 1997), *vacated on other grounds by* 524 U.S. 935, 118 S. Ct. 2339 (1998).  "[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." ***Biggs v. Meadows***, 66 F.2d 56, 61 (4th Cir. 1995).  A factor indicating that a state official was sued in his or her individual capacity is the "plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom, or the lack of indicia of such a policy of custom on the face of the complaint." *Id.* (collecting cases where courts have weighed the factor).  Ultimately, "the underlying inquiry remains whether the [p]laintiff's intention to hold a defendant personally liable can be ascertained fairly." *Id.*

The Court first notes that Defendants reliance on *Pittsburgh Elevator* is misplaced.  Defendants argue that although the State of West Virginia has waived its sovereign immunity, it has only done so for suits that seek recovery "under and up to the limits of the State's liability insurance coverage." Syl. Pt. 2, ***Pittsburgh Elevator Co. v. W. Va. Bd. of Regents***, 310 S.E.2d 675 (W. Va. 1983).  Defendants argue the suit against C.O. Dugan and C.O. Wolfe should be dismissed because Plaintiff failed to state he is seeking recovery

7

"under and up to" the State's liability insurance coverage. Rather, Plaintiff is seeking fair compensation. In this district, courts have been reluctant to dismiss a case based on a plaintiff's failure to plead that he or she is only seeking under and up to the limits of the State's liability insurance coverage. See **Rosenthal v. Jezioro**, 2008 WL 4900563, *4 (N.D.W. Va. Nov. 13, 2008) ("While *Parkulo* may have set forth a rule of pleading for the state courts, it cannot determine the rules for pleading in Federal court. To the extent necessary, this Court will construe the *pro se* Complaint as seeking funds only to the extent of the State's insurance.").

However, this Court will not address the *Pittsburgh Elevator* issue as the Defendants' argument has missed a crucial point. In order for Defendants to argue that the Eleventh Amendment bars suit against C.O. Dugan and C.O. Wolfe or that *Pittsburgh Elevator* created a limited waiver of the State of West Virginia's sovereign immunity, the Court must conclude that Plaintiff sued C.O. Dugan and C.O. Wolfe in their official capacities. This is not the case. See **Goodman v. Rockefeller**, 947 F.2d 1186, 1187 (4th Cir. 1991) ("[t]he holding in **Will**, however, does not support dismissal of claims against public officials for money damages, who are sued *in their individual capacities*.").

Upon a review of the Complaint, Plaintiff filed his § 1983 action against C.O. Dugan and C.O. Wolfe in their *individual* capacities. In construing the facts in the light most favorable to the Plaintiff, Plaintiff alleges that C.O. Dugan and C.O. Wolfe used excessive force against him during a July 21, 2012 incident at the Eastern Regional Jail. Plaintiff contends he did nothing to provoke the altercation beyond verbally complaining about being cursed at after he refused to walk to his cell to get a cup while his cell roommate was using

the toilet. Plaintiff alleges he complied with C.O. Dugan's directive to get water from the fountain, and he took his medication. As Plaintiff walked away from the fountain, he was attacked from behind by C.O. Dugan and C.O. Wolfe. Plaintiff never received a disciplinary incident. He was kept in "the hole" for ten days without receiving medical treatment for injuries he sustained during the attack, other than a heating pack for his neck. Additionally, Plaintiff makes no allegations in the Complaint that Defendants failed to act in accordance with a governmental policy or custom. Also, Plaintiff seeks fair compensation for his injuries. Based upon Plaintiff's statements, he is suing C.O. Dugan and C.O. Wolfe in their individual capacities and not in their official capacities. Therefore, the Eleventh Amendment and the State of West Virginia's limited waiver of sovereign immunity under *Pittsburgh Elevator* are not applicable. Accordingly, Defendants' objection is **OVERRULED**.

### B. Plaintiff's Objection

Plaintiff's objection to the R & R argues that Defendants should not be given an opportunity to provide any new evidence to support their claim as Judge Seibert previously ordered them to provide a supplemental response. The Court does not find good cause to limit the Defendants opportunity to provide additional evidence or to engage in discovery to clarify the record in this matter. Accordingly, Plaintiff's objection is **OVERRULED**.

### IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 45]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the Defendant's Objections

**[Doc. 48]** are **OVERRULED**, and Plaintiff's Objections **[Doc. 47]** are **OVERRULED**. It is further ordered that the Defendant's Motion to Dismiss **[Doc. 28]** be **DENIED IN PART** as to Defendants Dugan and Wolfe and **GRANTED** as to Defendant Sheeley, that Defendant Sheeley be **DISMISSED** from this action. Following entry of this Order, the Court will enter a First Order and Notice Regarding Discovery and Scheduling Conference.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff.

**DATED**: May 6, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE