# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**EARL D. AMBROSE, JR.,**

    Plaintiff,

**v.**                               **CIVIL ACTION NO. 3:12-CV-79**
                                             **(JUDGE GROH)**

**JONATHAN DUGAN, Correctional Officer,**
**and LAWRENCE WOLF, Correctional Officer,**

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE EXCESS PAGES

On June 27, 2014, Defendants filed a motion to exceed the page limit in their memorandum in support of their motion for summary judgment [Doc. 65]. This filing was completed at 3:14 p.m. Immediately thereafter, at 3:15 p.m., Defendants filed their motion for summary judgment and fifty-nine page memorandum in support. Defendants argue that the additional thirty-four pages are necessary to discuss the four legal issues remaining in this case: an excessive force claim, an ineffective medical assistance/deliberate indifference claim, a violation of due process claim, and a defense of failure to exhaust administrative remedies pursuant to the Prisoner Litigation Reform Act.

Local Rule of Civil Procedure 7.02(a) provides that supporting memorandum should be "not more than twenty-five pages." A Court may "for good cause shown" allow a supporting memorandum to exceed twenty-five pages. In this case, Defendants filed their motion to exceed the page limit and their motion and memorandum for

summary judgment on the deadline for dispositive motions, June 27, 2014. Therefore, Defendants filed their fifty-nine page supporting memorandum prior to receiving leave of Court to do so. Counsel must request leave to file excess pages. Then, if it is granted, counsel may file the document that exceeds the page limit.

Defendants have also not demonstrated good cause to file thirty-four excess pages. The Court has found that its twenty-five page limit is "sufficient except in the most extraordinary circumstances." Surrett v. Consol. Metco, Inc., Civil No. 1:11cv106, 2012 WL 1340548, *3 (W.D.N.C. Apr. 18, 2012) (denying party's motion to file excess pages because party failed to demonstrate good cause for filing a memorandum of law in excess of the page limit). The issues in this case are not unduly complex–there are four legal issues for Defendants to brief. Indeed, the legal issues are not out of the ordinary for this type of case.

Additionally, memoranda that exceed page limits are the exception rather than the rule. See Dag Petroleum Suppliers, LLC v. BP P.L.C., No. 1:05cv1323, 2006 WL 2345908 (E.D. Va. Aug. 9, 2006) (denying party's motion to file excess pages because good cause was not demonstrated and the party's "conclusory references to the complexity of this case are an utterly insufficient basis to waive the page limitations imposed by the local rules"). The Local Rules of Civil Procedure "are not to be considered as mere guides or Heloise's helpful hints to the practice of law, but rather precise rubrics that are to be read and followed." Gross v. SES Americom, Inc., 225 F.R.D. 169, 170 (D. Md. 2004). Therefore, Defendants have not demonstrated good cause to file excess pages, and their motion is **DENIED**.

Defendants filed the motion for leave to file excess pages on the same date as

the dispositive motions' deadline.  However, the Court will permit Defendants to re-file their memoranda in accordance with the Local Rules.  Any memoranda in support of Defendants' motion for summary judgment may be twenty-five pages in length.  This is not an opportunity for Defendants to modify their arguments.  The Court only requires that Defendants condense their memoranda into a more concise format that complies with the rules of this Court.  Therefore, Defendants are **DIRECTED** to re-file their supporting memoranda in accordance with the Local Rules no later than **July 7, 2014**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** July 1, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE